UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

   v.

JEFFREY A. CATLETT,

            Defendant.

No.  2:13-cr-00208 JAM

**ORDER DENYING DEFENDANT'S RULE 38 MOTION TO SUSPEND SENTENCE PENDING APPEAL**

This matter is before the Court on Defendant Jeffrey A. Catlett's ("Defendant") Rule 38 Motion to Suspend the Sentence Pending Appeal (Doc. #74).  The United States ("Government") opposes the motion (Doc. #80) and Defendant replied (Doc. #82).[1] For the reasons set forth below, Defendant's motion is DENIED.

    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On January 16, 2013, California Fish and Wildlife wardens discovered a pile of untagged killed geese on Defendant's

---

[1] This matter was determined to be suitable for decision without oral argument.  See United States v. Green, 89 F.3d 657, 660 (9th Cir. 1996).

1    property and they discovered a large amount of protected

2    waterfowl in a truck owned by Nevada Smith.  Defendant stated to

3    the wardens that the geese on his property were not his and Mr.

4    Smith testified at trial that he took the waterfowl out of a

5    freezer located in a garage on Defendant's property.

6         Defendant was charged with possession of untagged migratory

7    game birds belonging to another (Count One) and exceeding the

8    possession limits of ducks (Count Four), pintail ducks (Count

9    Five), and dark geese (Count Six).  Superseding Information, Doc.

10   #15.  A bench trial occurred on September 30, 2013, before the

11   Magistrate Judge (Doc. #57).  The Magistrate Judge found

12   Defendant guilty on all counts.  Id.  He was sentenced to a 3

13   year term of Court probation, 120 hours of community service with

14   an organization that benefits animals and is preapproved by the

15   United States Attorney's Office, with a minimum of 40 hours per

16   year; a 3 year hunting ban; a $40 special assessment; and a

17   $10,000 fine to be paid within the 3 year term of probation (Doc.

18   #69).  Defendant was also ordered to surrender his hunting

19   license to the United States Attorney's Office within 1 week.

20   Id.  In addition, the Magistrate Judge did not stay the

21   imposition of the sentence pending appeal.  Id.  On November 1,

22   2013, Defendant filed a notice of appeal (Doc. #73).  The hearing

23   for the appeal is currently set for February 11, 2014 (Doc. #76).

24

25              II.  OPINION

26        A.   Legal Standard

27        The district court's review of the magistrate's judgment is

28   governed by the same standards as an appeal from a judgment of a

district court to the court of appeals.  Fed. R. Crim. P.
58(g)(2)(D).  Under Federal Rule of Criminal Procedure 38(d)
("Rule 38"), a court may stay a sentence of probation pending
appeal, but it must set the terms of the stay.  Fed. R. Crim.
Pro. 38(d); Fed. R. Crim. P. 58(g)(3) ("Rule 38 applies to a stay
of a judgment of conviction or sentence").  It is in the
discretion of the sentencing court to grant a motion to stay
execution of a sentence of probation or fine.  United States v.
Restor, 529 F. Supp. 579, 580 (W.D. Pa. 1982) (considering a stay
under Rule 38).  The Ninth Circuit has held that judicial
discretion in exercising a stay is to be guided by the following
legal principles: "(1) whether the stay applicant has made a
strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a
stay; (3) whether issuance of the stay will substantially injure
the other parties interested in the proceeding; and (4) where the
public interest lies."  Lair v. Bullock, 697 F.3d 1200, 1203 (9th
Cir. 2012) (citing Nken v. Holder, 556 U.S. 418, 129 S. Ct. 1749,
1752 (2009) and Hilton v. Braunskill, 481 U.S. 770, 776 (1987));
United States v. Turner, CRIM. A. 91-10088-01, 1994 WL 409632, at
*1 (D. Kan. July 18, 1994) aff'd, 44 F.3d 900 (10th Cir. 1995)
(applying similar factors to a Rule 38 stay motion).[2]

    B.   Discussion

    Defendant moves to stay the hunting ban and the surrender of
his license, which has already been surrendered.  Ex. A, attached

---

[2] The parties cite the Tenth Circuit case United States v.
Various Tracts of Land in Muskogee & Cherokee Counties, 74 F.3d
197, 198 (10th Cir. 1996) (citing Hilton, 481 U.S. at 776), that
lists the same factors used in Lair.

to Def.'s Mot., at 18, Doc. #74-3; Reply at 1.  The Government

argues that a stay should not be granted, in part, because

Defendant has failed to address his likelihood of success on

appeal.  Opp. at 3.  In his motion and reply, Defendant raises

several grounds for his appeal, relying primarily on Brady v.

Maryland, 373 U.S. 83, 87 (1963).  He argues that the

Government's conduct during Defendant's prosecution was unfair

under Brady.  Ex. A, attached to Def.'s Mot., at 8, 15, 17, Doc.

#74-3; Reply at 2-3.  In Brady, the Supreme Court held that "the

suppression by the prosecution of evidence favorable to an

accused upon request violates due process where the evidence is

material either to guilt or to punishment, irrespective of the

good faith or bad faith of the prosecution."  Brady, 373 U.S. at

87.  Although the Supreme Court discusses prosecutorial fairness

in Brady, Defendant has neither alleged a Brady violation nor

provided case law or analyses to support his arguments.

Therefore, the Court cannot determine Defendant's likelihood of

success on the merits of his appeal.

In his reply, Defendant also cites Clay v. United States,

403 U.S. 698, 704 (1971) and Zamos v. Stroud, 32 Cal.4th 958, 970

(2004).  However, Defendant fails to explain how either case

applies in this situation and his broad arguments are

insufficient.  Therefore, Defendant has failed to show that he is

likely to succeed on the merits of his appeal.  Because Defendant

has failed to satisfy the first factor for a stay pending appeal,

the Court need not address the remaining three factors.

4

1                          III.   ORDER

2          For the reasons set forth above, the Court DENIES

3    Defendant's Motion to Suspend the Sentence Pending Appeal.

4          IT IS SO ORDERED.

5     Dated:   December 18, 2013

6                                              _____
7                                              JOHN A. MENDEZ,
                                               UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   5